Moses & Singer LLP
405 Lexington Avenue
New York, NY 10174-1299
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERGLOBO CUSTOMS BROKER, INC.,

      Plaintiff,      **COMPLAINT**

 -against-

Genal Strap, Inc. d/b/a Voguestrap,

      Defendant.

---

  Plaintiff, Interglobo Customs Broker, Inc. ("ICB" or "Plaintiff"), by and through its attorneys, Moses & Singer LLP, as and for its Complaint against Genal Strap. Inc. d/b/a Voguestrap ("Defendant"), alleges as follows:

## JURISDICTION AND VENUE

  1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rules 9(h) and 14(c) of the Federal Rules of Civil Procedure and also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claim in suit.

  2. Venue properly lies in this District because the parties agreed in writing to litigate in this forum.

## PARTIES

  3. At all material times to this action, ICB, a corporation organized and existing under the laws of the State of New York with an address and place of business at 4 Expressway

Plaza, Roslyn Heights, New York 11577, was and still is doing business as customs broker and freight forwarder of cargo for hire.

4. Upon information and belief, at all material times to this action, Defendant, a corporation organized and existing under the laws of the State of New York with an address and principal place of business at 5809 Foster Avenue, 11234 Brooklyn, New York, was and still is doing business as seller, distributor, importer and/or exporter of merchandise.

**FACTS**

5. Pursuant to a written Customs Power of Attorney and Standard Terms and Conditions of Service (the "POA") executed by Defendant, ICB arranged, on behalf of Defendant, for transportation or forwarding of Defendant's cargo for hire via ocean carriage, air carriage, and other method of transportation, as well as customs clearance of Defendant's cargo coming into the United States (the "ICB Services"). ICB performed its obligations by forwarding or arranging for transportation of Defendant's cargo from various foreign locations, including China, to the United States, and by processing Defendant's cargo through U.S. Customs in order to allow Defendant's cargo to enter the United States. As part of the ICB Services, on behalf of Defendant ICB procured and/or negotiated airway-bills and ocean bills of lading, prepared and/or processed security manifest declarations, performed U.S. Customs entries, prepaid freight to carriers, and prepared and/or processed other documentation, including delivery orders, necessary for the international transportation to and entry of Defendant's cargo in the United States.

6. Defendant received and accepted ICB Services without protest.

7. ICB invoiced Defendant for its services. ICB sent Defendant periodic statements of account, reminders and payment solicitations, to which Defendant did not object.

8. Defendant has made partial payments to Plaintiff, promised both verbally and in writing to pay the balance, but failed to pay the balance.

9. In January 2020, ICB was in possession of Defendant's cargo, the shipping cost and fees of which, as well as shipping cost and fees pertaining to other cargo owned by Defendant, remained outstanding (and today remain outstanding).

10. ICB refused to deliver that cargo belonging to Defendant informing Defendant that ICB was exercising its lien on Defendant's cargo.

11. In an effort to convince ICB to deliver the aforementioned cargo to Defendant, Defendant promised to pay the outstanding balance in installments, commencing upon delivery of said cargo.  Once Defendant received delivery of its cargo, it failed to pay and even ignored ICB's solicitations and demands.

12. As of the date of this Complaint, Defendant owes ICB $55,292.68 exclusive of interests which is 15% per year, per the POA.  ICB is also entitled to recover cost of collection and attorney's fees, as per the POA.

13. Plaintiff brings this action on its own behalf and as agent, assignee and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said action, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR BREACH OF CONTRACT

14. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 13 of this Complaint as if herein set forth at length.

15. ICB has performed the services set forth in the Facts section of this Complaint. Defendant received and accepted ICB Services.

16. ICB invoiced Defendant for ICB Services. Defendant has failed to pay ICB's invoices and, in so doing, has breached the contract with ICB.

17. By reason of the foregoing, ICB has suffered damages in the amount of $55,292.68 (which includes out-of-pocket sums paid by ICB on behalf of Defendant) exclusive of interests.

18. In addition to the aforementioned damages, ICB is entitled to recover attorney's fees and costs of collection and litigation. The POA provides that ICB shall be entitled to all costs of collection, including reasonable attorney's fees, and interest at 15% per annum or the highest rate allowed by law, whichever is less. Plaintiff has spent and continues to spend money in legal fees and costs in an effort to collect from Defendant the amounts owed to it. The full amount will be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ACCOUNT STATED

19. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 18 of this Complaint as if herein set forth at length.

20. Defendant has not objected to, has accepted, made partial payments and promised to pay ICB's invoices.

21. Defendant has failed to pay ICB's invoices. By reason of the foregoing, ICB has suffered and continues to suffer damages and is entitled to judgment in the amount of $55,292.68 (which includes out-of-pocket sums paid by ICB on behalf of Defendant) exclusive of interests.

22. In addition to the aforementioned damages, ICB is entitled to recover attorney's fees and costs of collection and litigation. The POA provides that ICB shall be entitled to all costs of collection, including reasonable attorney's fees, and interest at 15% per annum or the highest rate allowed by law, whichever is less. ICB has spent and continues to spend money in

legal fees and costs in an effort to collect from Defendant the amounts owed to it.  The full amount will be determined at trial.

### AS AND FOR ICB'S THIRD CAUSE OF ACTION FOR ATTORNEY'S FEES AND COSTS

23. Plaintiff ICB repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 24 of this Complaint as if herein set forth at length.

24. The POA provides that ICB shall be entitled to all costs of collection, including reasonable attorney's fees, and interest at 15% per annum or the highest rate allowed by law, whichever is less.  ICB has spent and continues to spend money in legal fees and costs in an effort to collect from Defendant the amounts owed to it.  By reason of the foregoing, ICB is entitled to recover attorney's fees and costs of collection, including money spent in connection with this action, together with interests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Interglobo Customs Broker, Inc., respectfully demands judgment in its favor and against Defendant, Genal Strap. Inc. d/b/a Voguestrap, awarding Plaintiff damages in the amount of $55,292.68 plus interests, attorney's fees, and cost of, Inc.collection as well as this action, and such other and further relief that this Court may deem just and proper.

Dated: March 25, 2020
       New York, New York

MOSES & SINGER LLP

By:   s/ Francesco Di Pietro
      Francesco Di Pietro (FD-6383)
      405 Lexington Avenue
      New York, NY 10174-1299
      (212) 554-7800
      *Attorneys for Plaintiff*

6